UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GRIDKOR, LLC; and GRIDKOR TRUCKING AND LOGISTICS LLC, : : : : Plaintiffs, : : v. : : IGOR GORBACH, : : Defendant. : | Civil Action No. 5:26-cv-303 |

**COMPLAINT IN CONFESSION OF JUDGMENT FOR MONEY DAMAGES**

Plaintiffs GridKor, LLC ("GridKor") and GridKor Trucking and Logistics LLC ("GTL"), by and through their undersigned counsel, hereby bring this action pursuant to 231 Pa. Code §§ 2950, *et seq.*, to obtain a money judgment by confession against Defendant Igor Gorbach for all sums due under a Settlement Agreement dated April 11, 2025. In support, Plaintiffs allege as follows:

**Parties**

1. Plaintiff GridKor, LLC ("GridKor") is a limited liability company formed and existing under the laws of Wyoming with its principal place of business located in Allegheny County, Pennsylvania. The members of GridKor are citizens of Pennsylvania, Massachusetts, New Mexico and Texas.

2. GridKor Trucking and Logistics LLC ("GTL") is a limited liability company formed and existing under the laws of Pennsylvania with its principal place of business located in Allegheny County, Pennsylvania. The citizenships attributed to GTL via its members are the same as those of GriKor.

3. Defendant Igor Gorbach is a citizen of Ukraine and a United States green card holder who resides, for purposes of 28 U.S.C. § 1332, in New York.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity of citizenship between Plaintiffs and Defendant, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue is proper in this Court under 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this District.

6. Additionally, this Court has jurisdiction over Defendant and venue is proper in this District because, pursuant to Section 11 of the Settlement Agreement, Defendant "irrevocably submit[ted] to the exclusive venue and jurisdiction of the State and Federal Courts located in Pennsylvania in connection with any dispute arising out of and/or related to" the Settlement Agreement.

7. The Court further has jurisdiction over Defendant and venue is proper in this District because, in paragraph 12 of the Affidavit of Confession of Judgment, Defendant consented "to personal jurisdiction in the state and federal courts located in the Commonwealth of Pennsylvania for all purposes in connection with this Affidavit of Confession of Judgment."

**Facts**

8. On or about April 11, 2025, Plaintiffs and Defendant entered into a Settlement Agreement. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 1**.

9. Pursuant to the Settlement Agreement, Defendant agreed to pay Plaintiffs the total sum of $3,000,000.00 plus interest (the "Settlement Payment") according to the following schedule:

- $300,000.00 on or before May 1, 2025;

- $400,000.00 on or before November 1, 2025;

- $300,000.00 on or before May 1, 2026;

- $600,000.00 on or before November 1, 2026;

- $600,000.00 on or before May 1, 2027; and

- $1,050,000.00 plus $250,000.00 of interest on or before November 1, 2027.

*See* Exh. 1 §§ 1 & 3.

10. Pursuant to Section 5 of the Settlement Agreement, entitled "Affidavit of Confession of Judgment," Defendant agreed to execute and deliver to counsel for Plaintiffs affidavits of confession of judgment in the principal amount of $3,000,000.00 plus interest, the forms for which were attached as Exhibits B and C thereto. Exh. 1 § 5(a).

11. On or about April 30, 2025, Defendant executed a Pennsylvania Affidavit of Confession of Judgment ("Affidavit of Confession of Judgment") and delivered said Affidavit to counsel for Plaintiffs. A true and correct copy of the Affidavit of Confession of Judgment is attached hereto as **Exhibit 2**.

12. Pursuant to Section 5(b) of the Settlement Agreement, "[i]n the event that Defendant fails to make any of the payments set forth in Section 1 …, Plaintiffs shall deliver to Defendant a seven (7) day notice to cure." Exh. 1 § 5(b).

13. Defendant timely paid the first installment of the Settlement Payment. *See* Exhibit Declaration of Tillman J. Finley ¶ 7.

14. Defendant did not pay the second installment of $400,000.00 on or before November 1, 2025, as required by Section 1(b) of the Settlement Agreement. *See* Finley Decl. ¶ 8.

15. In accordance with Section 5(b) of the Settlement Agreement, Defendant was notified by letter dated November 7, 2025, that he was in default of the Settlement due to his failure to make the required payment due on or before November 1, 2025. A true and correct copy of the November 7, 2025 letter ("the Default Letter") is attached hereto as **Exhibit 3**.

16. The Default Letter was served via email in accordance with Section 8 of the Settlement Agreement. *See* Finley Decl. ¶ 9.

17. In the Default Letter, Plaintiffs notified Defendant that he would have seven (7) days from the date of delivery of the Default Letter within which to cure the default. *See* Exh. 3.

18. The cure period expired on November 14, 2025.

19. In communications with Defendant, he has stated that he would make the outstanding payment "soon" or in a few months.

20. To date, however, Defendant has not paid or caused to be paid the $400,000.00 that was due on or before November 1, 2025 pursuant to Section 1(b) of the Settlement Agreement. *See* Finley Decl. ¶ 10.

21. Defendant, therefore, is in default of the Settlement Agreement due to his failure to timely pay the second installment of the Settlement Payment.

22. Section 5(b) of the Settlement Agreement further provides as follows:

> In the event that Defendant fails to make the requisite payment within the seven (7) day cure period, Plaintiffs may file any or all of the Affidavits of Confession of Judgment … without further notice in the principal amount of $3,000,000.00 plus interest less any payment(s) made to date by Defendant pursuant to Section 1 above.

Exh. 1 § 5(b).

23. Further, pursuant to Section 5(b) of the Settlement Agreement, "[t]he Parties expressly agree that Plaintiffs will be entitled to recover all fees and costs, including reasonable

attorney's fees, incurred in connection with Plaintiffs' filing the Affidavit(s) of Confession of Judgment, entering judgment and enforcing any judgment against Defendant." Exh. 1 § 5(b).

24. Paragraph 8 of the Affidavit of Confession of Judgment provides as follows:

> In the event that I fail to make any of the payments due to Plaintiffs pursuant to the Settlement Agreement and fail to cure such breach within a seven (7) day cure period, I hereby irrevocably authorize and empower any attorney of record or prothonotary or clerk of any court in any jurisdiction to appear for any or all of Plaintiffs at any time or times in any court with respect to any sums due under the Settlement Agreement and, without notice and waiving the issuance and service of process, file this Affidavit of Confession of Judgment and enter judgment against me in the confessed amount of $3,000,000 plus interest, expenses, costs (including reasonable attorneys' fees incurred by Plaintiffs in connection with filing this Affidavit), and disbursements, less any payment(s) I have made to date pursuant to the terms of the Settlement Agreement.

Exh. 3 ¶ 8.

25. The Settlement Agreement pursuant to which judgment is being confessed has not been assigned. *See* Finley Decl. ¶ 12.

26. The Affidavit of Confession of Judgment pursuant to which judgment is being confessed has not been assigned. *See* Finley Decl. ¶ 12.

27. As pleaded herein, Defendant owes a total of $2,950,000.00 to Plaintiffs as of January 16, 2026, plus attorneys' fees and costs.

## Confession of Judgment

28. Judgment by confession is a product of state law that waives certain prejudgment procedures. *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000).

29. Confessions by judgment for money under Pennsylvania law are governed by 231 Pa. Code §§ 2950, *et seq.*

30. "A confession of judgment is a Pennsylvania procedure that lets a plaintiff obtain a judgment while skipping almost all the steps in an ordinary litigation." *Complete Bus. Sols. Group, Inc. v. HMC, Inc.*, No. CV 19-2777, 2019 WL 4858273, at *2 (E.D. Pa. Oct. 2, 2019).

31. "As recognized by the Third Circuit, [j]udgment by confession is a product of state law, having no analog in the federal rules.  The practice is firmly entrenched in Pennsylvania and is governed by the Commonwealth's Rules of Civil Procedure.  Put simply, a confession of judgment, or cognovit, is a contractual waiver of prejudgment procedures that enables a creditor to obtain a judgment without a trial of defenses.  The creditor or its attorney simply ... apply to the court for judgment against the debtor in default without requiring or permitting the debtor or guarantors to respond at that juncture.  Generally, a nonjudicial officer, such as a County Prothonotary or clerk, then enter[s] judgment in conformity with the confession that enjoys all the qualities of a judgment on a verdict.  A federal court may also enter a judgment by confession provided it has subject matter jurisdiction.  Once entered, the judgment may be challenged, but remains in effect as a judicial lien in the interim." *In re Butko*, 624 B.R. 338, 375 (Bankr. W.D. Pa. 2021) (internal quotation marks omitted) (recognizing that "[t]he entry of judgment by the Prothonotary is a ministerial act").

## COUNT I
## CONFESSION OF JUDGMENT FOR MONEY

32. Plaintiffs hereby repeat the averments set forth in the previous paragraphs and incorporate the same by reference as if set forth fully herein.

33. Pursuant to Sections 3 and 5 of the Settlement Agreement and Paragraph 8 of the Affidavit of Confession of Judgment, Plaintiffs are authorized to confess judgment against Defendant in the amount of $3,000,000.00 plus interest of $250,000.00, less any payments made under the Settlement Agreement, plus all fees and costs, including reasonable attorneys' fees, incurred in connection with Plaintiffs' filing of the Affidavit of Confession of Judgment, entering judgment and enforcing any judgment against Defendant.  *See* Exhs. 1 & 2.

34. To date, Plaintiffs have incurred attorneys' fees of $4,234.50 and costs of $405 in

in connection with Plaintiffs' filing the instant Complaint. Plaintiffs reserve the right to seek any future fees and costs incurred in entering judgment and enforcing any judgment against Defendant.

35. Judgment for the outstanding payments and other sums due under the Settlement Agreement has not previously been entered against Defendant on the Settlement Agreement in any jurisdiction for the debt here demanded. *See* Finley Decl. ¶ 14.

36. Neither the Settlement Agreement nor the Affidavit of Confession of Judgment has been assigned. *See* Finley Decl. ¶ 12.

37. Judgment for outstanding payments and other sums due under the Settlement Agreement is not being entered by a confession against a natural person in connection with a consumer credit transaction or a residential lease transaction. *See* Exh. 1; Exh. 2 ¶ 11; Finley Decl. ¶ 16.

38. The Settlement Agreement was based upon a commercial transaction. *See* Exh. 1; Finley Decl. ¶ 17.

39. Defendant is in default of his payment obligations under the Settlement Agreement.

40. All conditions precedent to the entry of judgment for money have occurred and entry of judgment is authorized under L. Civ. R. 56.1 without leave of court.

41. Upon information and belief, Defendant is not in the military service of the United States, nor any state or territory thereof or its Allies as defined in the Soldiers' and Sailors' Civil Relief Act of Congress of 1946 and the amendments thereto. Finley Decl. ¶ 18.

42. The authority conferred by Section 5 of the Settlement Agreement and Paragraph 8 of the Affidavit of Confession of Judgment does not require Plaintiffs to make any further demand prior to the entry of judgment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs GridKor, LLC and GridKor Trucking and Logistics LLC demand judgment in their favor against Defendant Igor Gorbach as follows:

| | |
|---|---:|
| Principal Sum | $2,700,000.00 |
| Interest | $250,000.00 |
| Attorneys' Fees | $4,234.50 |
| Costs | $405.00 |
| **Total:** | **$2,954,639.50** |

By virtue of the authority conferred by Section 5 of the Settlement Agreement and Paragraph 8 of the Affidavit of Confession of Judgment, Plaintiffs are entitled to immediate entry of judgment against Defendant in the amount of $2,954,639.50.

Dated: January 16, 2026

Respectfully submitted,

**MARINO FINLEY LLP**

/s/ Daniel Marino
Daniel Marino (PA38892)
dmarino@marinofinley.com
818 Connecticut Avenue, N.W., Suite 801
Washington, DC  20006
(202) 223-8888

*Attorneys for Plaintiffs*